Case 12-00126-8-SWH    Doc 37   Filed 08/20/13   Entered 08/20/13 11:50:33   Page 1 of 8



**SO ORDERED.**

**SIGNED this 20 day of August, 2013.**

_____
A. Thomas Small
United States Bankruptcy Court Judge

_____

```
          UNITED STATES BANKRUPTCY COURT
          EASTERN DISTRICT OF NORTH CAROLINA
                   RALEIGH DIVISION


IN RE:

BRENDA KAREN PEAK,                      CASE NO. 12-01424-8-ATS

     Debtor.                            CHAPTER 7



ENTRUST ADMINISTRATION OF THE
SOUTHEAST, INC., et al,

     Plaintiffs

     v.                                 ADVERSARY PROCEEDING
                                        NO. 12-00126-8-ATS
BRENDA KAREN PEAK,

     Defendant.
```

### ORDER DENYING MOTION FOR SUMMARY JUDGMENT

This matter came before the court on the motion for summary judgment of Entrust Administration of the Southeast, Inc., Dwayne Leblanc, Jannine Leblanc, Dan Sinisi, Linda Sinisi, Donny Joe Slayton, and Christi Slayton (collectively, the

1

"plaintiffs"). A hearing was held on August 7, 2013, in Raleigh, North Carolina.

## BACKGROUND

Brenda Karen Peak (the "defendant") filed a voluntary petition under chapter 7 of the Bankruptcy Code on February 28, 2012. On June 25, 2012, the plaintiffs initiated this adversary proceeding to determine the dischargeability of a debt under 11 U.S.C. § 523(a)(2).

The debt at issue arose from investments made by the plaintiffs into Brenda Peak, LLC (the "LLC"), a North Carolina limited liability company with its principal place of business in Wake County, North Carolina. On October 10, 2008, the LLC, made a $600,000 secured debt offering (the "debt offering") pursuant to a confidential private placement memorandum (the "PPM"). The PPM, which indicated that the defendant would serve as personal guarantor, stated that the LLC was seeking $600,000 of cash for the primary purpose of acquiring (a) real estate and (b) first priority liens on real property, other tangible assets, or ownership interests in real estate. At the time that the defendant first solicited the debt offering, the LLC owned two lots at Olde Liberty Club and was in the process of building "spec" homes on the lots. The costs of constructing those homes were covered by funds obtained from previously acquired construction loans.

Pursuant to the PPM, the plaintiffs invested in the LLC. For valuable consideration, the LLC executed and delivered promissory notes to the plaintiffs. On October 23, 2008, the LLC executed and delivered to Entrust Administration of the Southeast FBO Dwayne LeBlanc IRA a note in the principal amount of $50,000. On December 5, 2008, the LLC executed and delivered to Entrust Administration of the Southeast FBO Jannine LeBlanc IRA a note in the principal amount of $50,000. On March 1, 2009, the LLC executed and delivered to Donny Joe and Christi Lou Slaton's living revocable trust a note in the principal amount of $400,000. On June 22, 2009, the LLC executed and delivered to Dwayne and Jannine LeBlanc a note in the principal amount of $60,000. On January 21, 2009, the LLC executed and delivered to Dan and Linda Sinisi a note in the principal amount of $40,000. The above-described notes (collectively, "the notes") evidenced the investments ("the funds") made by the plaintiffs in the LLC.

The defendant and the LLC, through the PPM, represented to the plaintiffs that the funds would be used for the purchase of real estate or to acquire first priority liens. The plaintiffs state that they relied on this representation in making their investments. The LLC did not, however, acquire a single lot over the course of two years after receiving the funds. Nor

3

were the funds used for the construction of the "spec" homes on the already owned lots.

On October 2008, the defendant transferred $150,000 of the LLC's funds to herself. From 2008 to 2009, the defendant transferred $188,537.15 of the LLC's funds to SilverCrest Homes Brenda Peak LLC, a separate company owned and controlled by the defendant.

On October 13, 2011, the plaintiffs obtained a default judgment in Wake County Superior Court in the amount of $744,578.11 plus interest at 10% per annum from the date of judgment for which both the defendant and the LLC are jointly and severally liable (the "default judgment"). The default judgment arose from obligations of the defendant and the LLC pursuant to the above-described debt offering.

In their complaint, the plaintiffs seek the debt be declared a nondischargeable debt pursuant to 11 U.S.C. §523(a)(2). On May 1, 2013, the plaintiffs filed their motion for summary judgment on the grounds that there is no genuine issue of material fact and that they are entitled to a judgment as a matter of law. According to the plaintiffs, the timing of the investments and the diversion of the funds establish that the defendant knew her representations that the funds would only be used for the purchase of real estate or to acquire first priority liens were false when she made them and that the

4

defendant made the representations with the intention of deceiving the plaintiffs. The defendant responded on May 30, 2013, opposing the plaintiffs' motion for summary judgment and requesting a hearing.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy proceedings by Bankruptcy Rule 7056, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056.

> [The] plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In making this determination, conflicts are resolved by viewing all facts and all reasonable inferences in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

**DISCUSSION**

In order to determine that a debt is nondischargeable, the preliminary determination of whether a debtor is liable for the debt must be made. Here, the defendant's liability on the debt secured by the notes was previously determined in a state courtlawsuit, evidenced by the default judgment. The default judgment, holding the defendant and the LLC jointly and severally liable, established the defendant's liability. See In re Smith, 2006 WL 3333801 (Bankr. M.D.N.C. 2006) (in a nondischargeability action, North Carolina law permits both res judicata and collateral estoppel with respect to a default judgment). This default judgment has preclusive effect as to the defendant's personal liability on the notes. Because the default judgment establishes that the defendant is liable on the debt, the only question before the court is whether or not the debt is dischargeable under 11 U.S.C. § 523(a)(2)(A).

Money obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition" are debts excepted from a discharge under 11 U.S.C. § 727. 11 U.S.C. § 523(a)(2)(A); see Cohen v. De La Cruz, 523 U.S. 213, 217 (1998) (the "Bankruptcy Code has long prohibited debtors from discharging liabilities incurred on account of their fraud"). In order to exempt a debt from discharge under section 523(a)(2)(A), the creditor must

6

establish all of the elements of fraud: (1) false representation; (2) knowledge that the representation was false; (3) intent to deceive; (4) justifiable reliance on the representation; and (5) proximate cause of the damages. In re Chorman, 2012 WL 6629656 (Bankr. E.D.N.C. Dec. 19, 2012).

With respect to the third element, intent to deceive, "a debtor will be found to have acted with the requisite intent to defraud under § 523(a)(2)(A) when, at the time the transaction occurred, it is established that the debtor, for [] personal gain, knowingly [misled] the investor as to a material fact concerning the [debt]." In re Cox, 2012 WL 6681805 at *3 (Bankr. E.D.N.C. Dec. 21, 2012). The plaintiffs argue that the defendant's intent to deceive is established by the transfer of portions of the investment funds to herself or her other ventures coupled with the continued solicitation of funds using the PPM for at least a year after first transferring funds to her personal account rather than purchasing any real estate. These facts fail to establish that the defendant knowingly misled the plaintiffs. The evidence before the court does not conclusively establish the material fact that the defendant had the requisite intent to deceive or that she knew the representation to be false when made.

7

## CONCLUSION

After reviewing the pleadings, affidavits, materials filed with the court, and counsels' arguments, the court determines that there is genuine issue of material fact remaining and that the plaintiffs are not entitled to summary judgment. The plaintiffs have established that the defendant is personally liable for the indebtedness. The plaintiffs have also established the following elements of fraud: a false representation; justifiable reliance on the representation; and proximate cause of the damages. The only issues that remain in dispute, and therefore the only remaining issues for trial, are whether the defendant knew that representation to be false when made and her intent to deceive. Accordingly, the plaintiffs' motion for summary judgment is **DENIED.**

**END OF DOCUMENT**